## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DAYVEON BUSSEY, on Behalf of Himself and on Behalf of All Others Similarly Situated** | § § § § | **CIVIL ACTION NO. 1:24:cv-00748** |
| **Plaintiff,** | § § | |
| **V.** | § § | |
| **DCOMM, INC.,** | § § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

## PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Now comes Plaintiff, Dayveon Bussey, by and through undersigned counsel, and states and alleges the following:

## INTRODUCTION

1.     This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.     Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111, *et seq*.

## JURISDICTION AND VENUE

3.       This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4.       This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5.       The Court has personal jurisdiction over Defendant, as Defendant's principal place of business is in Texas.

6.       Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in Travis County, Texas, Defendant conducts business throughout this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

7.       At all material times, Plaintiff is and was a citizen of the United States and a resident of Cuyahoga County, Ohio, and Plaintiff worked for Defendant in Ohio.

8.       At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. § 4111.03(D)(3).

9.       At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10.      At all material times, Defendant was and is a corporation headquartered in Travis County, Texas, with its principal place of business located at: 15302 Marsha Street, Austin, Texas 78728.

11.     Defendant may be served with process by serving its president and authorized representative of service of process in the State of Texas: Hakan S. Baltaoglu, 15302 Marsha Street, Austin, Texas 78728.

12.     At all material times, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

13.     At all material times, Defendant was and is an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

14.     At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

15.     Plaintiff's written consent to this action is attached hereto as Exhibit 1.

16.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17.     Defendant, a cable and internet installation and service company with approximately 16 regional office/warehouse locations across the country (including in Ohio, Texas, Missouri, Minnesota, Indiana, and California), employs Field Technicians, which it has also referred to as, *inter alia*, Cable Technicians, Fiber Technicians, Broadband Technicians, and Drop Bury Technicans (hereinafter "Field Technicians").

18.     Defendant's Field Technicians are responsible for, *inter alia*, installing, repairing, and servicing internet and cable network systems for customers.

19.     Defendant's Field Technicians are each assigned a DCOMM company vehicle (a non-commercial vehicles weighing less than 10,000 pounds), and are required by Defendant to

travel to Defendant's warehouses to pick up equiptment (such as cables, cable racks, modems, servers, and routers) each workday, and then travel to multiple customer locations throughout the day to install, repair, and/or service internet and cable network systems.

20.    At all material times, Defendant owned and controlled the DCOMM company vehicles it assigned to its Field Technicians, and prohibited its Field Technicans from driving personal vehicles to customer locations.

21.    From approximately July 2023 to February 2024, Plaintiff was employed by Defendant as a Field Technician in Ohio.

22.    As a Field Technician, Plaintiff was required to travel to Defendant's regional warehouse at the beginning of each workday to pick up equipment and engage in other work related activities.  After that, Plaintiff was required to travel to multiple assigned customer locations in his assigned DCOMM company vehicle.

23.    Other similarly situated Field Technicans were required to pick up equiptment at Defendant's regional warehouses at the beginning of each workday and perform work related duties, and then travel to multiple customer locations in assigned DCOMM company vehicles.

24.    Plaintiff and other similarly situated Field Technicians were classified as non-exempt.

25.    Plaintiff and other similarly situated Field Technicians regularly worked more than 40 hours per week.

26.    Plaintiff estimates that, on average, he worked approximately 50 to 55 or more hours each week throughout his employment with Defendant.

**(Failure to Pay for all Hours Worked)**

27.     Defendant paid Plaintiff and other similarly situated Field Technicians only for work performed during their appointments at the customer locations.

28.     Defendant did not pay Plaintiff and other similarly situated Field Technicians for the work Defendant required them to perform while not at customer locations, including:

   a.  Picking up equiptment at Defendant's warehouses (such as cables, cable racks, modems, servers, and routers);

   b.  Driving from Defendant's warehouses (after picking up equiptment) to their first appointment at a customer location;

   c.  Driving between customer locations, i.e., from their first appointment at one customer location to subsequent appointments at other customer locations;

   d.  Calling or texting customers at the beginning of each workday and between appointments to let the customers know their expected time of arrival.

29.     Defendant required Plaintiff and other similarly situated Field Technicians to perform this unpaid work each workday.

30.     The time Plaintiff and other similarly situated Field Technicians spent performing this unpaid work added several hours to each workweek.  In fact, Plaintiff estimates that, on average, he spent approximately 2 to 3 hours of more per workday and 10 to 15 hours or more each workweek performing the unpaid work.

31.     The time Plaintiff's and other similarly situated Field Technicians spent performing this unpaid work constituted their principal activities, as they were an integral and indispensable part of their principal activities, were required by Defendant, and were performed for Defendant's benefit.

32.     The unpaid work, including picking up equiptment at Defendant's warehouses and calling or texting customers to confirm their time of arrival for their first appointment of the day, were intrinsic elements of Plaintiff and other similarly situated Field Technicians' job duties. Plaintiff and other similarly situated Field Technicians could not dispense without performing such activities.

33.     The unpaid work Plaintiff and other Field Technicians performed between the commencement of their first principal activity and the completion of their last principal activity each workday, including driving Defendant's company vehicles from Defendant's warehouses to customer locations, and driving from one appointment to subsequent appointments at other customer locations, is/was compensable under the continuous workday rule.

34.     In addition to the unpaid work referenced above, each workday, Plaintiff and other similarly situated Field Technicians were required to refuel their assigned DCOMM company vehicles at their own expense. Defendant did not pay them for the time spent refueling their assigned DCOMM company vehicles, nor did Defendant reimburse them for the fuel expense. The fuel costs paid by Plaintiff and other similarly situated Field Technicians cut into the wages, including overtime wages, they were/are entitled to under the FLSA.

**(Failure to Pay Overtime Compensation)**

35.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated Field Technicans were not compensated for all of the time they worked, including all of the overtime hours they worked in excess of 40 each workweek.

36.     The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above was in addition to the 40 or more hours per workweek that they regularly worked at customer locations, and thus, constituted overtime hours worked, for which

they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate of pay.

**(Defendant Willfully Violated the FLSA)**

37.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

38.     Defendant had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform the unpaid worked referenced above and not compensating them for time spent performing such work.

39.     Defendant knew that Plaintiff and other similarly situated employees were performing the unpaid work because Defendant required them to perform it.

40.     Defendant knew that, and otherwise showed reckless disregard as to whether its conduct in failing to properly pay Plaintiff and other similarly situated employees for the unpaid work referenced above violated the FLSA.

41.     Defendant knew or should have known that its policies and practices violate the law, and Defendant did not make, and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law, has carried out its unlawful pattern, practice, and policy of not paying its Plaintiff other similarly situated Field Technicans for all hours worked. Defendant's method of paying Plaintiff and other similarly situated employees was not based on a good faith and reasonable belief that its conduct complied with the law.

42.     Defendant failed to make, keep, and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated Field Technicans employed by Defendant.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

43.     Pursuant to 29 U.S.C. §216(b), Plaintiff brings Count One of this action on his own behalf, and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

44.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former non-exempt Field Technicians employed by DCOMM, Inc. in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter. ("FLSA Collective Class").

45.     At this time, Plaintiff are unable to state the exact size of the FLSA Collective Class, but upon information and belief, aver that it consists of more than 500 individuals.

46.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages earned, including overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

47.     In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

48.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

49.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former Field Technicians employed by DCOMM, Inc. in Ohio at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter.

50.     The Ohio Class is so numerous that joinder of all class members is impracticable. Upon information and belief, the Ohio Class consists of more than 100 individuals.

51.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

a.    whether Defendant failed to pay its Field Technicians overtime compensation for hours worked in excess of 40 each workweek; and

b.    what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of Ohio R.C. 4111.03 and 4111.10.

52.     The claims of Plaintiff are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

53.     Named Plaintiff Dayveon Bussey will fairly and adequately protect the interests of the Ohio Class.  His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

54.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

55.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

56.    Plaintiff, on behalf of himself and the FLSA Collective Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

57.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to the first customer locations at the beginning of each workday, and driving between customer locations each workday, violates the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

58.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all hours worked each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

59.    Defendant's practices and policies of not paying Plaintiff and others similarly situated for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violates the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

60.     Defendant's actions and/or omissions were not in good faith.

61.     By engaging in the above-described practices and policies, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

62.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of Ohio Minimum Fair Wage Standards Act)

63.     Plaintiff, on behalf of himself and the Ohio Pennsylvania Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

64.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to the first customer locations at the beginning of each workday, and driving between customer locations each workday, violates the OMFWSA, R.C. § 4111.03, *et seq.*

65.     Defendant's practices and policies of not paying Plaintiff and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the OMFWSA, R.C. § 4111.03, *et seq.*

66.     Defendant's actions and/or omissions were not in good faith.

67.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the OMFWSA, R.C. § 4111.03, *et seq.*

68.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

69.     WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    a.  Issue an order permitting this litigation to proceed as a collective action;

    b.  Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    c.  Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    d.  Award Plaintiff and the classes he represents actual damages for unpaid wages;

    e.  Award Plaintiff and the classes he represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the classes he represents under the FLSA and the OMFWSA;

    f.  Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

    g.  Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

    h.  Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

70.    Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

Respectfully submitted,

/s/ *Don J. Foty*
Don J. Foty
Texas Bar No. 24050022
Hodges & Foty, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
dfoty@hftrialfirm.com

And

Matthew S. Grimsley
Ohio Bar No. 009294
(*will seek admissions pro hac vice*)
Anthony J. Lazzaro
Ohio Bar No. 0077962
(*will seek admissions pro hac vice*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff